NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| HACI SAIT ALTUN,<br><br>                      Plaintiff,<br><br>v.<br><br>ALEJANDRO MAYORKAS, *et al*.,<br><br>                      Defendants. | Civil Action No.: 23-3944<br><br>**OPINION & ORDER** |

**CECCHI, District Judge.**

Before the Court is the motion to dismiss for lack of subject matter jurisdiction and for failure to state a claim (ECF No. 18) filed by defendants Alejandro Mayorkas, Ur M. Jaddou, Ted H. Kim, and Merrick Garland (collectively, "Defendants")[1] in response to the complaint filed by plaintiff Haci Sait Altun ("Plaintiff") (ECF No. 1) ("Cmpl."). Plaintiff opposed the motion (ECF No. 21) ("Opp.") and Defendants replied in support (ECF No. 22) ("Reply"). The Court decides this matter without oral argument pursuant to Federal Rule of Civil Procedure 78(b). For the reasons set forth below, Defendants' motion is **GRANTED**.

**I.    BACKGROUND**

    **A.  Factual History**

Plaintiff, a Turkish citizen, filed for asylum with the U.S. Citizenship and Immigration Services ("USCIS") on April 3, 2020.[2] Cmpl. ¶ 11. To date, his application has not been adjudicated.[3] *See* ECF No. 29. In the intervening years, Plaintiff has made "numerous inquiries"

---

[1] Defendants were each sued in their official capacity. Mr. Mayorkas as Secretary of the U.S. Department of Homeland Security, Ms. Jaddou as Director of the U.S. Citizenship and Immigration Services, Mr. Kim as Associate Director of Refugee, Asylum and International Operations for the U.S. Citizenship and Immigration Services, and Mr. Garland as Attorney General for the U.S. Department of Justice. ECF No. 1 ¶¶ 5-8.
[2] Specifically, Plaintiff filed a Form I-589, Application for Asylum and for Withholding of Removal. Cmpl. ¶ 1.
[3] Defendants notified the Court on June 28, 2024, that USCIS had yet to adjudicate Plaintiff's application and could not provide a timeline for doing so. ECF No. 29 at 1. The Court has not since received information indicating an adjudication is forthcoming.

1

about his application but has not received a "meaningful response" from USCIS. Cmpl. ¶¶ 13-16. Plaintiff also unsuccessfully sought expedition of his application in February 2023 after an earthquake in Turkey which affected his family. *Id.* ¶ 14. Plaintiff claims that the delay in adjudication has rendered him "unable to commence his life or be with his family members who are struggling after the earthquake." *Id.* ¶ 19.

### B. Procedural Background

Plaintiff filed his complaint on May 5, 2023, in the United States District Court for the District of Columbia. *See* Cmpl. He asserts that Defendants have violated Section 1158(d)(5)(A)(iii) of the Immigration and Nationality Act ("INA") by failing to adjudicate his application within 180 days. *Id.* ¶ 22. He also asserts that Defendants have violated the Administrative Procedure Act ("APA") by unreasonably delaying agency action on his application. *Id.* ¶ 28. He seeks a writ of mandamus pursuant to the Mandamus Act, 28 U.S.C. § 1361, requiring Defendants to adjudicate his application and remedy their alleged INA violation. *Id.* at 6. In the alternative, he seeks an order pursuant to Section 706(1) of the APA compelling Defendants to adjudicate his application immediately.[4] *Id.* Plaintiff also seeks attorneys' fees and other relief the Court deems proper. *Id.*

On July 13, 2023, Defendants—with Plaintiff's consent—sought transfer from the District of Columbia to this Court, where Plaintiff's asylum application is pending. ECF No. 7. Transfer was subsequently ordered. After receiving multiple extensions to reply to the complaint, *see* ECF Nos. 11, 17, Defendants filed the present motion to dismiss on October 11, 2023, ECF No. 18.

---

[4] Plaintiff does not precisely identify in his complaint the avenues by which he seeks relief. However, the parties appear to agree that the aforementioned are the operative statutes, *see* ECF No. 18-1 ("Br.") at 13, 18; Opp. at 7-12, and the Court construes the complaint accordingly.

Defendants seek dismissal of the mandamus claim for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1) and dismissal of the APA claim for failure to state a claim pursuant to Federal Rule of Civil procedure 12(b)(6). *See* Br. at 1-2.

## II.    STANDARD OF REVIEW

### A.  Lack of Subject Matter Jurisdiction (Rule 12(b)(1))

A court must grant a motion to dismiss under Rule 12(b)(1) if it determines that it lacks subject matter jurisdiction over a claim. *In re Schering Plough Corp. Intron/Temodar Consumer Class Action*, 678 F.3d 235, 243 (3d Cir. 2012). "Generally, where a defendant moves to dismiss under Rule 12(b)(1) for lack of subject-matter jurisdiction, the plaintiff bears the burden of proving by a preponderance of the evidence that the Court has subject matter jurisdiction." *The Connelly Firm, P.C. v. U.S. Dep't of the Treasury*, No. 15-2695, 2016 WL 1559299, at *2 (D.N.J. Apr. 18, 2016) (citing *Gould Elecs. Inc. v. United States*, 220 F.3d 169, 178 (3d Cir. 2000)). Further, when addressing subject matter jurisdiction, the court looks only at the allegations in the pleadings and does so in the light most favorable to the non-moving party. *U.S. ex rel. Atkinson v. PA. Shipbuilding Co.*, 473 F.3d 506, 514 (3d Cir. 2007).

### B.  Failure to State a Claim (Rule 12(b)(6))

To survive dismissal under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). In evaluating the sufficiency of a complaint, a court must accept all well-pleaded factual allegations as true and draw all reasonable inferences in favor of the non-moving party. *Phillips v. Cty. of Allegheny*, 515 F.3d 224, 234 (3d Cir. 2008). Factual allegations must support a right to relief that is more than speculative. *Twombly*, 550 U.S. at 555. A complaint "that offers 'labels and

conclusions' or . . . tenders 'naked assertions' devoid of further factual enhancement,'" will not suffice. *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555, 557). The party seeking dismissal under Rule 12(b)(6) bears the burden of demonstrating that no claim has been stated. *Hedges v. United States*, 404 F.3d 744, 750 (3d Cir. 2005).

### III.    DISCUSSION

#### A. Mandamus Act Claim

The Mandamus Act gives district courts jurisdiction over "any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." 28 U.S.C. § 1361. To qualify for mandamus relief, a plaintiff must show: "(1) a clear and indisputable right to relief, (2) that the government agency or official is violating a clear duty to act, and (3) that no adequate alternate remedy exists." *Temple Univ. Hosp. v. Sec'y U.S. HHS*, 2 F.4th 121, 132 (3d Cir. 2021) (citation omitted). A plaintiff must establish all three elements. *See Ahmad v. U.S. Citizenship & Immigr. Servs.*, No. 23-3332, 2024 WL 3272832, at *4 n.5 (D.N.J. July 2, 2024). Mandamus is thus "invoked only in extraordinary situations." *In re Thornton*, No. 24-1941, 2024 WL 3594361, at *1 (3rd Cir. July 31, 2024).

Plaintiff fails to establish either a clear right to relief or that no alternate remedy exists. Plaintiff claims a right to relief under Section 1158(d)(5)(A)(iii) of the INA, which states that "in the absence of exceptional circumstances" adjudication of asylum claims "shall be completed within 180 days." *See* Cmpl. ¶ 22; Opp. at 8-9. However, the same provision also states that "[n]othing in this subsection shall be construed to create any substantive or procedural right that is legally enforceable by any party against the United States or its agencies or officers or any other person." 8 U.S.C. § 1158(d)(7). Without an enforceable right to a timely adjudication, Plaintiff cannot establish such a right for the purposes of mandamus. *See Ahmad*, 2024 WL 3272832, at

4

\*4 (finding that plaintiff cannot establish a "clear right" to 180-day adjudication "because § 1158(d)(7) expressly and unambiguously asserts that the procedural provisions do not 'create any substantive or procedural right or benefit'").

Plaintiff also fails to establish that no alternate remedy exists because Plaintiff himself seeks the alternate remedy of an unreasonable delay claim under Section 706(1) of the APA. *See* Cmpl. ¶ 29; Opp. at 10. This claim ultimately fails, as described below, but its availability nonetheless precludes a finding of no alternate remedy. *See Mutlu v. Mayorkas*, No. 23-22176, 2024 WL 4117329, at \*4 (D.N.J. Sept. 9, 2024) (finding that an "alternative remedy under the APA precludes a finding of subject matter jurisdiction over [a] mandamus claim, even if the APA claims themselves are not adequately pled"). Plaintiff thus fails to establish two of the elements required for relief, and his claim is dismissed accordingly.

### B. APA Claim

Pursuant to Section 706(1) of the APA, a court shall "compel agency action unlawfully withheld or unreasonably delayed." 5 U.S.C. § 706(1). In the Third Circuit, whether agency action has been "unreasonably delayed" is determined by four factors:

> First, the court should ascertain the length of time that has elapsed since the agency came under a duty to act. Second, the reasonableness of the delay should be judged in the context of the statute authorizing the agency's action. Third, the court should assess the consequences of the agency's delay. Fourth, the court should consider any plea of administrative error, administrative inconvenience, practical difficulty in carrying out a legislative mandate, or need to prioritize in the face of limited resources.

*Oil, Chem. & Atomic Workers Union v. Occupational Safety & Health Admin.*, 145 F.3d 120, 123 (3rd Cir. 1998) (internal citation and quotation omitted). All four factors here weigh in favor of Defendants.[5]

The first factor, length of time elapsed, favors Defendants. Plaintiff's asylum application has been pending for over four years, exceeding the 180-day timeline outlined in Section 1158(d)(5)(A)(iii). Cmpl. ¶ 11. However, courts routinely find that delays in adjudication between three and five years are not unreasonable. *See Jamoussian v. Blinken*, No. 21-10980, 2022 WL 538424, at *2 (D.N.J. Feb. 23, 2022) ("The case law, without drawing any bright lines, has found that delays of three to five years are not unreasonable.") (collecting cases). Plaintiff's claim falls within these bounds.[6]

The second factor, assessing the reasonableness of the delay in the context of the authorizing statute, also favors Defendants. As noted, although the statute at issue prescribes a 180-day timeline, it does not provide a plaintiff with any right to enforce that timeline. *See* 8 U.S.C. § 1158(d)(7). Accordingly, the timeline is "not mandatory," and Defendants' failure to meet it is not therefore unreasonable. *See Mutlu*, 2024 WL 4117329, at *3; *Ahmad*, 2024 WL 3272832, at *6 (finding that failure to adjudicate within 180 days is not unreasonable because "Congress's decision not to structure the statute as creating a procedural right or benefit to enforce the timetables renders them non-binding") (internal quotations and citation omitted).

The third factor, consequences of the agency's delay, likewise favors Defendants. Plaintiff states that in the absence of adjudication, he has been "unable to commence his life or be with his

---

[5] Plaintiff argues that the required analysis is "highly fact-dependent" and that a motion to dismiss is therefore premature. Opp. at 13. However, the Court joins others in finding that the complaint is a sufficient basis on which to dismiss. *See, e.g.*, *Mutlu*, 2024 WL 4117329, at *3 n.1; *Ahmad*, 2024 WL 3272832, at *5 n.8.

[6] The Court's holding would not change if the delay stretched beyond this window. As detailed below, all other factors favor Defendants and "evidence of the passage of time cannot, standing alone, support a claim for unreasonably delayed administrative action." *Ahmad*, 2024 WL 3272832, at *6.

family members who are struggling." Cmpl. ¶ 19. The Court is sympathetic to Plaintiff's frustration, but it is an unfortunate fact that separation from family is among "the painful consequences of [] delay [] inherent in our immigration system." *Azam v. Bitter*, No. 23-4137, 2024 WL 912516, at *10 (D.N.J. Mar. 4, 2024). Moreover, granting Plaintiff's relief would disadvantage other applicants in similarly difficult situations. *See id.* ("The Court cannot compel agency action where the result would be merely to expedite the consideration of a plaintiff's request ahead of others.") (internal quotation and citation omitted); *Mutlu*, 2024 WL 411739, at *3.

Finally, the fourth factor, pleas of administrative error, inconvenience, practical difficulty, or resource prioritization, further favors Defendants. Beyond a conclusory assertion of "agency inefficiency and a mismanagement of agency resources," Opp. at 19, Plaintiff does not plausibly allege that Defendants' inaction is due to anything other than the large number of asylum applications yet to be decided.[7] As such, granting relief would only serve to unfairly aid Plaintiff while further delaying others awaiting adjudication. *See Jamoussian*, 2022 WL 538424, at *3 (finding that where agency delay is due to "limited resources and a large caseload" declaring a delay unreasonable "would accomplish little beyond pushing one applicant ahead of others equally deserving, scrambling agency priorities and incentivizing litigation").

In sum, all four factors favor Defendants, as other courts have found when facing similar claims of delay under the APA. *See Mutlu*, 2024 WL 411739, at *3-4; *Ahmad*, 2024 WL 3272832, at *5-7; *see also Azam*, 2024 WL 912516, at *9-11 (finding same for visa application delay); *Jamoussian*, 2022 WL 538424 at *2-4 (same). Plaintiff's claim is dismissed accordingly.

## IV. <u>CONCLUSION</u>

For the reasons stated above, Defendants' motion to dismiss is granted.

---

[7] Plaintiff asserts that "impropriety may be discovered" but provides no support for this contention. Opp. at 20.

**Accordingly, IT IS** on this 25th day of November, 2024,

**ORDERED** that Defendants' motion to dismiss Plaintiff's complaint (ECF No. 1) is **GRANTED** without prejudice.

**SO ORDERED.**

*/s/ Claire C. Cecchi*

**CLAIRE C. CECCHI, U.S.D.J.**